# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2691

_____

Raymond E. Osloond, Sr.; Mary Ellen    *
Osloond,    *
   *
         Appellants,    *
   *    Appeal from the United States
      v.    *    District Court for the
   *    District of South Dakota.
Richard Mowell; Brian Wurtele; Pat    *
Humphrey; Warren G. Johnson; Rod    *    **[UNPUBLISHED]**
Oswald; John H. Fitzgerald, III;    *
Christopher W. Madsen,    *
   *
         Appellees.    *

_____

Submitted: January 5, 2001
Filed: January 9, 2001

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Raymond and Mary Osloond appeal from the district court's[1] adverse grant of summary judgment in their 42 U.S.C. § 1983 action. The Osloonds claimed defendants conspired to deprive them of their property without due process and in violation of their

_____

[1]The HONORABLE KAREN E. SCHREIER, United States District Judge for the District of South Dakota.

Fourth Amendment rights, by seizing certain vehicles from a storage unit pursuant to a state court writ of execution, and later selling them at a sheriff's auction. Upon de novo review, we agree with the district court that the Osloonds have failed to show defendants violated any federal statutory or constitutional right. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535-36 (8th Cir. 1999) (standard of review; alleged facts or evidence must suggest violation of rights under Constitution or United States statutes as prerequisite to § 1983 liability). Because the seizure occurred under a valid writ of execution, and a post-deprivation remedy was available, there was no violation of the Fourth or Fourteenth Amendments. See id. at 536-37 (seizure was not unreasonable where sheriff erroneously seized third party's boat located on property levied under valid writ of execution; post-deprivation hearing satisfied due process); S.D. Codified Laws § 15-18-31 (1984) (third party may claim ownership of levied property in trial by special jury).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.